ORIGINAL

# In the United States Court of Federal Claims

Case No. 03-1755T
(Filed: September 26, 2003)

FILED
SEP 26 2003
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICHARD ORTT, *Plaintiff,* | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant.* | * |

## ORDER OF DISMISSAL

The Plaintiff, Richard Ortt, has filed a complaint *pro se*, apparently seeking a refund for taxes paid in 1990 by taxpayers Ronald C. and Geraldine L. Brown. **Because Mr Ortt was the tax preparer, he has no standing to sue, and his Complaint is hereby dismissed.**

This is one of several Complaints Mr. Ortt has filed in recent months. Many are similar in text, argument, and filings, save only that they vary as to taxpayer and tax year. A number have been dismissed on the grounds of standing. The Complaints follow the same pattern: They read literally as suits for habeas corpus and they are accompanied by other filings seeking a show cause order, amended motions for leave to file other documents, and "special circumstance" filings. They seek to name other parties, including the Secretary of State. As best that can be determined, the refund is for taxes paid upon earned income, which Mr. Ortt claims is unconstitutional; the income tax properly pertains only to unearned income.

Mr. Ortt's Complaint 03-1945T, seeking a refund as tax preparer for taxpayers Leland K. and Gina K. Pa for their 2000 tax return was dismissed on August 20, 2003. In the Order, Judge Merow stated:

> Mr. Ortt is not an attorney admitted to practice before this court. Thus, he cannot file a claim in this court on behalf of the taxpayers concerned. RCFC 83.1(c)(8). To the extent Mr. Ortt is asserting entitlement a portion of any refund that might be awarded to the taxpayers, any such assignment of the refund claim by the taxpayers to Mr. Ortt, prior to the allowance of the claim, would be invalid. 31 U.S.C. § 3727; *Wooten v. United States*, 114 Ct. Cl. 608, 86 F. Supp. 143 (1949); *cert. denied*, 339 U.S. 903 (1950); *Wall Street Industries v. United States*, 10 Ct. Cl. 82, 106 (1986). Therefore, Mr. Ortt has no claim to the taxpayers' refund he could assert in a complaint filed in this court.

We adopt Judge Merow's reasoning.

Accordingly, Mr. Ortt's "Amended Motion for Leave" executed on August 15, 2003, and "Motion to Amend" executed September 18, 2003, are being returned to him with this Order of Dismissal.

A similar Order of Dismissal is being entered this day in *Richard Ortt v. US,* Case No. 03-1759T.

**IT IS SO ORDERED.**

LAWRENCE M. BASKIR
Judge